### The Chicago and Western Indiana Railroad Co.

#### *v.*

### Ernst C. Prussing *et al.*

*Filed at Ottawa September 25, 1880.*

Right of way—*when ownership of land is doubtful.* A railroad company seeking the condemnation of a part of a lot for the purposes of the road, has no cause to complain of an order of court fixing the compensation to be paid, and directing the money to be paid to the treasurer of the county for the benefit of the owners of the property affected, or those interested in it. Such an order does not determine who is entitled to the compensation awarded.

Appeal from the County Court of Cook county; the Hon. Mason B. Loomis, Judge, presiding.

Messrs. G. & W. Garnett, for the appellant.

Messrs. Butz, Eschenburg & Prussing, for the appellee Prussing.

Mr. Chief Justice Dickey delivered the opinion of the Court:

In September, 1870, the railroad company filed its petition in the county court of Cook county for the condemnation of the south half of lot 8, in block 1, in Taylor & Creigh's subdivision of the east half of the north-west quarter, section 4, town 38 north, range 14, east of the third principal meridian.

It is alleged in the petition that Ernst Prussing, the city of Chicago, and the county of Cook, are persons who own, or claim to have an interest in said property, and it is asked that the amount of compensation and damage to be paid for the appropriation of said property for railroad purposes shall be ascertained by the court.

Subsequently the petition, by leave of the court, was so amended as to. ask for the appropriation merely of the east 50 feet in width of the south half of the said lot 8. Issues were formed under this petition. Prussing appeared to be the owner of the property, and the city of Chicago claimed to have a lien upon it for taxes, etc. Proofs were taken and the cause heard, and the court found that the value of the property proposed to be taken was five hundred dollars ($500), and that the taking of such property for such purposes would damage the residue of the south half of said lot 8 to the extent of one thousand dollars ($1000), and ordered that the petitioner might enter into possession of the property, with the improvements thereon, upon the payment of the above mentioned sum of money to the county treasurer of Cook county, Illinois, for the benefit of the owners or those interested in said property named in said petition, and ordered that the costs be paid by the petitioners. The petitioner brings the record to this court by appeal, and asks for a reversal of that judgment.

It is insisted in argument by counsel for appellant that, upon a fair consideration of the testimony in the case, the

value of the property to be taken, and the damages to the property not taken, as found by the county court, were excessive. The evidence upon this subject is very conflicting, and after a careful examination of it, we are not prepared to say that the court erred in that regard.

It is next said that the court ought not to have entered such a decree, upon the evidence, because Prussing, who claimed title to the property, did not prove to the court that he was the owner of the property.

There seems practically to be no room for debate about the ownership of the property. The petitioner, in the original petition, said defendant owned the property, or claimed to own or to have an interest in the entire south half of lot 8. Prussing produced a deed upon the trial, purporting to convey the property to him. He showed that he had been paying taxes on it for many years, but whether this proved title sufficient to warrant the payment of the money to Prussing, seems immaterial when we examine the character of the order. The order is that the money be paid to the treasurer of Cook county, for the benefit of the owners or those interested in it. There is really no decree here that Prussing owns the property. The only matter in judgment is, that the property was needed for the corporate purposes of the railroad, and that the amount fixed by the court would be a reasonable compensation to be paid to the owners for the use of the property in the manner proposed.

We find nothing in the decree of which the appellant can justly complain.

The judgment must be affirmed.

*Judgment affirmed.*